UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

MARK POCKUBA,

    Plaintiff,

-vs-

ROYAL CARIBBEAN CRUISES, LTD.
A LIBERIAN CORPORATION,

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, MARK POCKUBA, by and through his undersigned counsel and hereby sues the Defendant, ROYAL CARIBBEAN CRUISES, LTD., A LIBERIAN CORPORATION, and alleges as follows:

1. That at all times material, the Plaintiff, MARK POCKUBA, was a resident of the state of Arizona.

2. That at all times material, the Defendant, ROYAL CARIBBEAN CRUISES, LTD., A LIBERIAN CORPORATION, hereafter referred to as RCCL, was a foreign corporation which had a principal place of business in Miami-Dade County, Florida and was the owner and/or operator of the cruise vessel *OASIS OF THE SEAS*.

3. That this is an action for damages which are in excess of Seventy-Five Thousand ($75,000.00) Dollars.

4. That this court has jurisdiction pursuant to 28 USC § 1332.

5. That in the alternative, this court has initial admiralty jurisdiction pursuant to 28 USC § 1333.

6. That on or about May 22nd, 2015, the Plaintiff and his wife boarded the *OASIS OF*

*THE SEAS* for a cruise.

7. That on or about May 25, 2015 the *OASIS OF THE* SEAS docked at Labadee, which is part of Haiti.  Labadee is a private resort which was under lease to RCCL.  That RCCL offers various activities on Labadee for participation by Defendant's passengers, said activities being operated and/or supervised by Defendant RCCL employees or agents.

8. That one of the activities on the island is the Drago Splash waterslide.  That the Plaintiff and his wife paid RCCL for the use of the waterslide.

9. That at the top of the slide was one of RCCL's employees.  That he instructed the Plaintiff that it would be slower for him to go down in a sitting position with his legs in front.  The Plaintiff's wife went down first.  The Plaintiff went down second and, near the bottom, he slowed down and came to a stop.  Plaintiff started to scoot down the slide when he was suddenly struck in the back by a rider behind him.  This rider had started out in front of the Plaintiff and then went back up to the top of the slide.

That there was no one at the bottom of the slide to control when people reached the bottom so there could be coordination with the personnel at the top about when to release people when it was safe to come down the slide.

10. That at all times material, the Defendant RCCL owed a duty to use reasonable care under the circumstances for the safety of the Plaintiff.

11. That the Defendant breached its duty of reasonable care and was negligent in one or more of the following manner:

   a. That the Defendant failed to control people going down the slide so that they would not collide with the people who were ahead of them;

   b. That the Defendant negligently allowed the Plaintiff to go down the slide

when it knew that there was a person in front of the Plaintiff who was going back to the top of the slide;

   c.  That the Defendant negligently failed to clear the person who ran into the Plaintiff when the Defendant knew or should have known that the Plaintiff had not yet reached the bottom of the slide and was safely in the pool;

   d.  That the Defendant failed to warn the Plaintiff of the possibility of passengers behind him who might run into him while he is still on the slide.

  12. That as a direct and proximate result of the negligence of the Defendant, RCCL, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of capacity to earn money, and aggravation of a known or unknown previously existing condition.  The losses are either permanent or continuing in nature and the Plaintiff will continue to suffer the losses in the future.

  WHEREFORE, Plaintiff demands judgment for damages against the Defendant for costs of this action, for prejudgment interest, for trial by jury, and any other relief deemed just and appropriate by this Honorable Court.

         Respectfully submitted,

         WAKS & BARNETT, P.A.
         Attnys for Plaintiff(s)
         9900 SW 107th Ave., #101
         Miami, FL  33176
         Tel: (305) 271-8282
          Fax: (305) 595-9776

         By:  */s/ Andrew L. Waks*
           ANDREW L. WAKS
            FBN: 241350